[D.I. 477]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THERESA SLUSSER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SOLVAY SPECIALTY POLYMERS, USA, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 20-11393 (ESK/AMD)<br><br><br><br><br><br><br><br>**ORDER TO SEAL** |

　　　　This matter comes before the Court by way of motion filed by Plaintiffs Theresa Slusser and William Slusser, as Parents and Natural Guardian of Alexander Slusser (hereinafter, "Plaintiffs") for an order to seal Plaintiffs' letter to the Court dated March 11, 2024 and attached exhibits thereto, concerning Plaintiffs' objections to certain discovery propounded upon them. (*See* Motion to Seal [D.I. 477], Mar. 11, 2024; Letter and Exhibits Filed Under Seal [D.I. 478 and 480].) Defendant Solvay Specialty Polymers USA, LLC, successor by merger to Solvay Solexis, Inc. (hereinafter "Solvay") filed a Declaration in response to Plaintiffs' Motion to Seal. (*See* Decl. of Crystal L. Parker, Esq. [D.I. 499], Apr. 10, 2024.) Plaintiffs advised the Court on April 12, 2024 during a

status conference that Plaintiffs did not object to Solvay's position concerning the sealing of the aforementioned documents. Moreover, no party or nonparty has objected to the sealing request. The Court has considered this matter pursuant to Fed. R. Civ. P. 78(b), and for the reasons set forth herein, the motion to seal is granted.

As previously noted, the Plaintiffs filed under seal the March 11, 2024 letter from Steven J. Phillips, Esquire, to the Court, as well as Exhibits A through F, and thereafter filed a corrected Exhibit F under seal. (*See* Letter [D.I. 478] and Exhibits [D.I. 478-1 through 478-6; Corrected Exhibit [D.I. 480].) As set forth in Solvay's response [D.I. 499], and there being no objection by Plaintiffs, the following documents shall be unsealed: (a) Plaintiffs' March 11, 2024 Letter [D.I. 478]; (b) Plaintiffs' Exhibit C (Feb. 8, 2024 Email) [D.I. 478-3]; (c) Plaintiffs' Exhibit E (Feb. 8, 2024 Email Chain) [D.I. 478-5]; (d) Plaintiffs' Exhibit F (Draft site visit protocol) [D.I. 478-6]; and (e) Plaintiffs' Corrected Exhibit F (Final site visit protocol) [D.I. 480]. Therefore, the aforementioned documents shall be unsealed by consent of the parties.

The Court next addresses Solvay's request to keep sealed certain information. Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. L. Civ. R.

5.3(c)(3). Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3). "[W]here a party [seeks] to seal pretrial motions of a 'nondiscovery nature,' the moving party must make a showing sufficient to overcome a 'presumptive right of public access.'" *Securimetrics, Inc. v. Iridian Tech., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). Where, however, a party seeks to seal documents in connection with discovery motions, there is no such presumptive right to public access. *Id.* (citing *Leucadia*, 998 F.2d at 165).

Solvay seeks to seal Plaintiffs' Exhibit B [D.I. 478-2], which is a "109-page industrial hygiene report . . . which was produced in this litigation to Plaintiffs as Highly Confidential pursuant to the Confidentiality Order in this case." (*See* Decl. of

3

Crystal L. Parker, Esq. [D.I. 499], p. 4, ¶ 7.) Solvay asserts that the "report contains detailed information regarding Solvay's confidential and proprietary manufacturing processes . . . and contains names and information regarding current and former Solvay employees[.]" *Id.* Solvay further asserts that if the report was unsealed, "significant competitive injury to Solvay" would result and the "public interest will not be harmed by keeping the report sealed." *Id.* Solvay further asserts that due to the "length and content of the report, a less restrictive alternative measure of protecting Solvay's confidential information is not available." *Id.* Having reviewed the submission, the Court finds that the factors for sealing set forth in Local Civil Rule 5.3(c)(3) weigh in favor of sealing Exhibit B [D.I. 478-2] in its entirety.

Additionally, Solvay seeks to redact certain portions of the materials contained in Plaintiffs' Exhibit A (Decl. of Russell J. Curley) [D.I. 478-1] and Exhibit D (Probst Release Agreement) [D.I. 478-4] and have filed redacted versions of the aforementioned materials with their response. (*See* Redacted Exhibit A [D.I. 499-1] and Redacted Exhibit D [D.I. 499-2]. Solvay asserts that Paragraph 2 of Plaintiffs' Exhibit A references confidential information contained in the industrial hygiene report referenced above, and as such should remain sealed. Solvay has only redacted a single paragraph of the Curley Declaration and the Court finds

4

that no less restrictive alternative exists as to Exhibit A. Solvay also seeks to redact certain portions of Exhibit D, which is a Release agreement signed by Gary Probst, a former Solvay employee. As portions of the Release contain confidential terms and agreements involving a former employee, the Court finds that the limited redaction will not result in harm to the public interest and that there is no less restrictive alternative to the relief sought. As such, the Court finds that the factors for sealing set forth in Local Civil Rule 5.3(c)(3) weigh in favor of sealing certain portions of Exhibit A and Exhibit D.

As set forth above, Solvay has demonstrated that certain limited sealing is appropriate for the portions of the materials Plaintiffs filed under seal.

CONSEQUENTLY, for the reasons set forth herein, and for good cause shown:

IT IS on this **25th** day of **April 2024**,

**ORDERED** that Plaintiffs' motion to seal [D.I. 477] shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that, by consent of the parties, the following documents shall be unsealed: (a) Plaintiffs' March 11, 2024 Letter **[D.I. 478]**; (b) Plaintiffs' Exhibit C (Feb. 8, 2024 Email) **[D.I. 478-3]**; (c) Plaintiffs' Exhibit E (Feb. 8, 2024 Email Chain)**[D.I. 478-5]**; (d) Plaintiffs' Exhibit F (Draft site visit protocol) **[D.I.**

5

**478-6];** and (e) Plaintiffs' Corrected Exhibit F (Final site visit protocol) **[D.I. 480];** and it is further

**ORDERED** that Plaintiffs' unredacted submissions filed at [D.I. 478-1], [D.I. 478-2], and [D.I. 478-4] shall remain under seal; and it is further

**ORDERED** that the redacted versions of [D.I. 478-1] and [D.I. 478-4] shall be filed again on the docket as separate entries.

        s/ Ann Marie Donio
        ANN MARIE DONIO
        UNITED STATES MAGISTRATE JUDGE

cc: Hon. Edward S. Kiel